I concur with all of the main opinion except Part IX. I concur in the result in Part IX and concur in the remittitur of compensatory damages to $100,000.
Last term, this court adopted a significant modification of Alabama law in Kmart v. Kyles, 723 So.2d 572 (Ala. 1998), by stating that this court will "give stricter scrutiny to an award of mental anguish where the victim has offered little or no direct evidence concerning the degree of suffering he or she has experienced." 723 So.2d at 578. I did not join in that opinion, and I continue to have reservations regarding this "new rule" because I do not believe that the quantum of the evidence in an action seeking damages for mental anguish requires any greater level of review than that applied in determining whether the verdict is supported by the evidence. In other words, I am uncertain as to the meaning of the phrase "direct evidence concerning the degree of suffering . . . experienced." If by the offer of "direct evidence," where a substantial verdict is involved, it is meant that the plaintiff's own testimony is required in order to provide to the jury a picture of the mental anguish, excruciating or otherwise, to the diminishment of all other methods through which evidence may be presented to make a prima facie case, I believe the main opinion misses the point. I believe the measuring rod to be all of the evidence, from whatever source and offered through whatever manner, that is admissible, from which the factfinder can determine the nature of extent of the mental anguish suffered. In the final analysis, the test of excessiveness, as acknowledged by the main opinion, remains the same, i.e., what is the greatest amount of compensatory damages a properly functioning jury, using sound discretion and guided by all of the evidence, could have awarded. If the amount *Page 840 
awarded by the jury rests within the limits supported by the evidence, the verdict is not excessive and should not be disturbed.
On the other hand, if the main opinion is referring to the absence of evidence, then I think this court's precedent as indicated by Foster v. Life Ins. Co. of Georgia, 656 So.2d 333
(Ala. 1994), a case in which I joined and in which the main opinion finds no fault as providing a proper sufficiency analysis, is adequate.
To be sure, we are not focusing on shades or degrees of mental anguish suffered. If we were, it would not matter whether the evidence was direct or indirect. As a classic example of indirect evidence, commonly referred to as "circumstantial evidence,"[5] reveals, it would not matter whether there was testimony from a witness that the witness saw an unidentified person enter through a window or if there was evidence of footprints in mud outside a window, a window broken and left open with muddy footprints inside the building, to prove that an entry occurred through that particular window. Similarly in an action for damages for mental anguish, it should not matter if the plaintiff's own testimony reveals emotional distress or if testimony comes from witnesses establishing emotional distress sufficient to carry the burden of proof.
My reservation regarding this new test at this point is that we may be elevating form over substance, that is, focusing on the type of evidence presented, to the diminishment of focusing on the nature and degree of mental anguish suffered. I therefore concur in the result of Part IX.
[5] Black's Law Dictionary 243 (6th ed. 1990).